**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**v.** **No. 4:19-CR-00580-JM-1**
**No. 4:25-CV-00844-JM**

**DARYL STRICKLAND, JR.**

# ORDER

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 149) is DENIED.

## I. Background

Daryl Strickland, Jr. and Rodney Tyrone Henry pleaded guilty pursuant to written plea agreements to murder while discharging a firearm in furtherance of a crime of violence. Both were subsequently sentenced to life imprisonment by the district court. Petitioner subsequently filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Strickland and Henry were charged in a six-count indictment with two counts of conspiracy to interfere with commerce by robbery, one count of attempt to interfere with commerce by robbery, one count of murder while discharging a firearm in furtherance of a crime of violence, one count of interference with commerce by robbery, and one count of brandishing a firearm in furtherance of a crime of violence. Strickland and the government subsequently entered into a plea agreement. Strickland agreed to waive indictment and permit the government to file a superseding information charging him with murder while discharging a firearm in furtherance of a crime of violence; in exchange, the government agreed to dismiss the indictment. Strickland stipulated that the following facts were true in his plea agreement:

> On November 12, 2018, at 5:22pm, Daryl Strickland, Jr. and Rodney Tyrone Henry knocked on the front door of Wise Buck Pawn Shop in Pine Bluff, Arkansas, and asked if the store was still open. Wise Buck

> Pawn Shop was a federal firearms licensee, engaging in business that affected interstate commerce. The owner of the pawn shop, Brandon McHan, told Strickland and Henry through the locked front door that the store was closed for the night. Strickland and Henry then appeared to leave the area. McHan and his friend, Jason Booth, who were the only two in the store, continued closing. At approximately 5:30pm, McHan and Booth exited the front door of the pawn shop to start their vehicles because it was cold. Booth put his firearm in his car, and both went back inside the store. At 5:34pm, Strickland and Henry entered the threshold of the pawn shop, and Strickland fired several gunshots, striking both McHan and Booth multiple times. Strickland and Henry then retreated from the entrance of the store. Two minutes later, Strickland and Henry both returned to the front door of the pawn shop, and Strickland began shooting into the pawn shop. When McHan and Booth fired back, Strickland retreated. After Strickland retreated, Henry fired multiple gunshots into the pawn shop. Strickland then returned to the doorway of the pawn shop and fired more gunshots inside. Strickland and Henry then left the scene.
>
> Approximately an hour later, Strickland and Henry entered the Alon gas station at 2800 South Olive Street in Pine Bluff, Arkansas, and held the store clerk at gun point. Henry, while pointing a firearm at the store clerk, went behind the counter and emptied the cash register. Strickland remained at the front of the counter, also holding the clerk at gunpoint. In addition to $800, Henry stole the store clerk's firearm.
>
> Brandon McHan died later that night. McHan's autopsy revealed three gunshot wounds, which caused his death. The first bullet entered his right abdomen and exited his back. The second bullet entered his right thigh and exited his right hip. A third [gunshot] was a through-and-through wound to the right lower leg. Booth, who was near the door when Strickland initially opened fire into the pawn shop, was shot in the face near the chin area, and the bullet exited through his neck. Booth was also shot in the left hand.

*United States v. Henry*, 106 F.4th 763, 766–67 (8th Cir. 2024), *cert. denied sub nom. Henry v. United States*, 145 S. Ct. 1102, 220 L. Ed. 2d 408 (2025).

In the pending motion, Strickland asserts that: (1) he received ineffective assistance of counsel because counsel failed to explain the elements required for him to be guilty of the offense, accordingly, his plea was unknowing and involuntary; (2) he received ineffective

assistance of counsel because counsel failed to object during the plea hearing and at sentencing; (3) he received ineffective assistance of counsel because his counsel acted under a conflict of interest, and (4) he received ineffective assistance of counsel because his counsel failed to object to the Court's fact finding of premeditation.

## II. Analysis

### A. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Petitioner must first show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). He must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment. *Id.* at 690. Then, the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995). If Petitioner establishes deficient performance by counsel, he still must establish prejudice. This requires Petitioner to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different. S*trickland*, 466 U.S. at 694. "In order to satisfy the prejudice prong of the *Strickland* test in the guilty plea context, a defendant must establish a reasonable probability that he would have exercised his right to a trial but for counsel's ineffectiveness." *Watson v. United States*, 682 F.3d 740, 745 (8th Cir. 2012)

So, the test has two parts: (1) deficient performance, and (2) prejudice. If Petitioner fails to establish either part of this test, the Court need not consider the remaining part of the test. *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

#### 1. Guilty Plea

Petitioner asserts that he received ineffective assistance of counsel because his lawyers failed to explain the elements required for him to be guilty of the offense. His claim is not supported by the record. At the plea change hearing, the Court stated:

> THE COURT: Okay. So I have a copy of your superseding information. And I'm going to read it out loud to you because this is a significant situation. It says that on or about November the 12th of 2018, in the Eastern District of Arkansas, that you and Rodney Henry, or Tyrone Henry, knowingly carried, used and discharged a firearm during and in relation to a crime of violence for which you may be prosecuted in a court in the United States, and that is, committing and threatening physical violence to a person in furtherance of a plan and purpose to obstruct, delay and affect commerce and that the movement of any article or commodity in commerce by robbery, in violation of Title 18 U.S.C. § 1951(a), and did cause the death of a person through the use of a firearm, which killing was murder, as defined in Title 18 U.S.C. § 1111(a), all in violation of Title 18 U.S.C. §§ 924(c) and 924(j)(1).
> . . . .
> Mr. Strickland, do you understand what you are being charged with in the superseding information?
>
> THE DEFENDANT: Yes, sir.

(ECF. 128, 5:21-25, 6:1-16). Petitioner stated that he had read the plea agreement and gone over it with his lawyer. (*Id*. 10:14-21). Section 2 of the plea agreement set forth the elements of the offense and was read into the record. After the government read the plea agreement into the record, Strickland represented to the Court that he understood the elements of the crime and that he "knowingly and intentionally committed and threatened physical violence to a person in furtherance of a plan and purpose to commit robbery affecting commerce, in violation of Section 18 U.S.C. § 1951(a). (*Id*. 18:7-12). He admitted that he knowingly carried, used and discharged a firearm during and in relation to that crime. (*Id*. 18:13-16). Petitioner also admitted that Brandon McHan was murdered through the use of a firearm in the perpetration

of that crime, in violation of 18 U.S.C. § 1111, and that he was aware of the serious risk of death attending his conduct. (*Id.* 18: 17-23).

"'[A] defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings.'" *Thompson v. United States,* 872 F.3d 560, 566 (8th Cir. 2017) (quoting *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997)). Strickland's statements to this Court show that he was aware of the nature of the offense charged, had discussed it with his lawyers and understood the agreement. Strickland's claim that he was not advised of the elements of the offense is contradicted by the record.

Strickland argues that Hobb's Act Robbery requires a completed robbery. Relying on *United States v. Taylor*, 596 U.S. 845 (2022) he argues that attempted Hobbs Act robbery does not qualify as a crime of violence. Here however, Strickland was not charged with nor did he plead to Hobbs Act Robbery or attempted Hobbs Act robbery. Strickland pled guilty to a violation of 18 U.S.C. § 924(j), specifically murder while discharging a firearm in furtherance of a crime of violence, specifically, committing and threatening physical violence to a person in furtherance of a plan and purpose to obstruct, delay, and affect commerce and the movement of any or article or commodity in commerce by robbery, in violation of 18 U.S.C. § 1951(a). 18 U.S.C. § 1951(a) states, " "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, *or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section ....*" Strickland was charged with the separate offense of using physical violence in furtherance of the robbery. See, *Scheidler v. Nat'l Org. for Women, Inc.*, 547 U.S. 9, 16 (2006)(recognizing that

the offense of committing or threatening physical violence to a person in furtherance of a plan or purpose to commit Hobbs Act robbery is a separate Hobbs Act crime). Further, "[t]he elements of that offense mirror almost exactly the definition of a "crime of violence" in the Elements Clause of § 924(c)." *United States v. Nikolla*, 950 F.3d 51, 54 (2d Cir. 2020). Because Strickland plead guilty to committing murder while discharging a firearm in furtherance of a crime of violence his argument that he was incorrectly advised is contradicted by the record.

**2. Failure to Object**

Strickland claims that he was deprived of effective assistance of counsel during the change of plea hearing and the sentencing hearing because his counsel failed to "object to a number of errors." Specifically, Strickland argues that counsel was inadequate at the plea hearing for failing to object when the Court asked Strickland if understood the nature and elements of the charges, when the Court asked whether his guilty plea was voluntary, and when they failed to object when the Court asked if he was satisfied with his representation. Strickland argues that his counsel was ineffective at the sentencing hearing when they failed to object when the Court asked him if he had any interest in withdrawing his guilty plea and when they failed to object to the legality of the sentence. These objections are based on Strickland's previous argument that he was not properly advised as to the elements of the offense. As discussed above, this argument fails. Further, additional arguments regarding the failure of his counsel to object are largely conclusory and are insufficient to establish ineffective assistance of counsel. *See Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001).

**3. Conflict of Interest**

Strickland argues that his counsel acted under a conflict of interest when the Court asked him whether he was satisfied with his attorneys and whether he wanted to withdraw his plea.

Strickland's arguments are conclusory in nature and he fails to state how a conflict was created by the Court's questions. On each occasion, Strickland was free to express his dissatisfaction with his representation and ask to withdraw his plea. Finally, Strickland argues that his counsel was acting under a conflict of interest regarding the waiver provision in the plea agreement. He argues that the waiver provision prevents him from challenging counsel's advice. However, the language does not do so and expressly reserves Strickland's rights to claim ineffective assistance of counsel.

**4. Premeditation Finding**

Strickland argues that his counsel were ineffective for failing to object to the Court making the premeditation finding at sentencing claiming that this fact had to be submitted to a jury. The finding of premeditation did not increase the statutory range of punishment, which is any term of imprisonment or life for the offense of conviction, See 18 U.S.C. § 922(j)(1). Accordingly, the finding of premeditation was not required to be made by a jury and Strickland's counsel was not ineffective for failing to object to the finding being made by the Court.

**B. Hearing**

A § 2255 motion "'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact.'" *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Strickland's motion would not entitle him to relief since his allegations are contradicted by the record, inherently incredible or are mere conclusions rather than statements of fact. Therefore, a hearing on the motion is not necessary.

**III. Conclusion**

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 149) is DENIED.

IT IS SO ORDERED this 19th day of August, 2026.

James M. Moody Jr.
United States District Judge